UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

12CR214S

**Order**

ROBERT QUINTANA,

Defendant.

Before the Court is the defense motion to compel production of a FBI memorandum used in preparation for the arrest and questioning the defendant (Docket No. 129). Pursuant to this Court's schedule (see Docket Nos. 126, 128), the Government furnished a responding Memorandum in opposition to production (Docket No. 130). This Court also scheduled a suppression hearing on defendant's pending motion (Docket No. 94) to suppress to begin on October 27, 2016, and continuing (if necessary) to October 28, 2016 (Docket No. 127).

BACKGROUND

Defendant originally was charged, in June 29, 2012, in a single count Indictment with mail fraud, in violation of 18 U.S.C. § 1341 (Docket No. 12). The alleged fraud essentially was accepting injured on duty salary and benefits from the City of Buffalo by exaggerating his physical disabilities while he was able to work at other institutions (id.). Defendant eventually moved (among other relief) to suppress his statements (Docket No. 32). This motion was argued, on May 21, 2014 (Docket No. 56), and suppression hearing was scheduled (id.) and then repeatedly rescheduled (Docket Nos. 57-77, 78-85).

On May 15, 2015, the Grand Jury issued a superseding Indictment (Docket No. 86), which charged defendant with 46 counts of wire fraud, in violation of 18 U.S.C. § 1343, for each wire transmission of deposits from the City of Buffalo into defendant's bank accounts paying him salary (id.). Again, the fraud alleged was exaggerating defendant's disability in order to retain injured on duty salary (see id.).

Defendant then filed a new omnibus motion (Docket No. 94), seeking (again among other relief) suppression of his statements. The Government responded (Docket No. 95) and defendant filed reply papers (Docket No. 99). Oral argument was held on October 7, 2015, wherein the Government conceded that a hearing was in order (Docket No. 100). An evidentiary hearing was set, after various fits and starts (see generally Docket Nos. 96-98, 101-04, 106-09, 112-125), for October 27, 2016 (Docket No. 127).

At a status conference held on September 15, 2016, a schedule for the Government to produce exhibits and Jencks Act materials prior to the hearing was set (Docket No. 121). The Government did not produce these items by the October 11, 2016, deadline. This Court then convened another status conference on October 17, 2016, in which defendant identified documents the Government refused to produce that defendant believes is necessary to conduct the suppression hearing (Docket No. 126). Parties were to submit on the question of production of the documents (defendant believes is necessary to conduct the suppression hearing (Docket No. 126) by October 20, 2016 (id.; Docket No. 128).

*Defendant's Motion to Compel (No. 129)*

Defendant seeks disclosure of the FBI's planning memorandum, a document used by FBI agents in preparing for the arrest and questioning defendant during the May 9, 2012, interrogation that is the subject of the present suppression motion (Docket No. 129, Def. Memo.). Defense counsel sought "a pre-arrest interrogation memorandum" and was told that such a document, the FBI Memorandum, existed but would not be produced because the policies set forth in 28 C.F.R. § 16.26(b)(5) precluded its disclosure (id. at 2). Defendant challenges that conclusion, arguing that courts in other circuits have held that that regulation did not apply to criminal prosecutions (id., citing United States v. Williams, No. C 10-00230 SI, 2010 WL 4595551, at *2 (N.D. Cal. Nov. 4, 2010) (questioning its applicability in dicta)). Defendant claims that memorandum contains either Brady or Jencks Act materials and should be produced (id.). Defendant points out that agents lost their notes from the May 2012 interrogation (id. at 2, 6). He also argued that any law enforcement privilege should not preclude disclosure of this memorandum (id. at 3-6).

The Government responds that, as an internal investigative document, the FBI memorandum is exempt from discovery or inspection under Rule 16(a)(2) (Docket No. 130, Gov't Memo. at 3-4), that the Jencks Act does not apply to that document since it was not a recitation of past occurrences or statements contemplated by that act (id. at 4-5). The Government contends that the Jencks Act was designed by Congress not to be a discovery device (id. at 5). The Government also invokes law enforcement privilege against disclosure of the memorandum (id. at 6-7), despite defendant's arguments that this privilege is not applicable (Docket No. 129, Def. Memo. at 3-6, reciting requirements for invoking the privilege).

3

DISCUSSION

The Jencks Act, 18 U.S.C. § 3500, relates only to "statements" made by Government witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. While <u>Brady</u> material (as those cases have come to define it) includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989). The Government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks material), <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988).

Rule 16 of the Federal Rules of Criminal Procedure also provides that the Government is obliged to disclose upon request all documents that are material to preparing the defense, Fed. R. Cr. P. 16(a)(1)(E)(1). Under Rule 16, "a defendant must make a threshold showing of materiality," <u>United States v. Santiago</u>, 46 F.3d 885, 894 (9th Cir. 1995) (quotation omitted); <u>Williams</u>, <u>supra</u>, 2010 WL 4595551, at *1; <u>United States v. Rigas</u>, 258 F. Supp. 2d 299, 307 (S.D.N.Y. 2003) (defendant must establish <u>prima facie</u> showing of materiality, citations omitted); <u>see also</u> <u>United States v. Zanfordino</u>, 833 F. Supp. 429, 432 (S.D.N.Y. 1993) (citing Advisory Committee Notes to the 1966 amendment to Rule 16, that the burden is on the defendant to make a showing of materiality to the preparation of defense). "If a request seeks immaterial internal government documents, Rule 16(a)(2) precludes disclosure," <u>United States v. Elliott</u>, 363 F. Supp. 2d 439, 449 (N.D.N.Y. 2005)(citing <u>United States v. Armstrong</u>, 517 U.S. 456, 462-63

(1996)), and "absent materiality, attempts to access internal government documents routinely fail," Elliott, supra, 363 F. Supp. 2d at 449 (citations omitted).

Section 16.26 of 28 C.F.R. permits the Government to deny a party's discovery request where disclosure "would reveal investigatory records completed for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired," 28 C.F.R. § 16.26(b)(5) (Docket No. 129, Def. Memo. at 3). Another provision of that regulation precludes Government disclosure if it "would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, [Fed. R. Cr. P.], Rule 6(e)," id. § 16.26(b)(1).

In Williams, the United States District Court for the Northern District of California rejected the Government's reliance upon 28 C.F.R. § 16.26(b)(5) as a bar to production of its policies by declaring that the policies were not "investigatory records" that are not to be produced pursuant to that regulation but were instead "general policies," 2010 WL 4595551, at *2. This court also implicitly questioned whether that regulation applied in a criminal prosecution (as opposed to discovery in a civil action or an administrative proceeding), id.

Here, the defendant requests the planning memorandum for his arrest and interrogation, in effect the tactics to be employed and the notes of questions the FBI were to ask him. This is an "investigatory record" governed by § 16.26(b)(5).

But a broader question is whether defendant is entitled to this production under Rule 16 at all. Is this FBI memorandum "material" to his defense? Defendant argues that the document might contain Brady or Jencks Act material, hence production (eventually) would be required.

5

But this memorandum (which the Government has not produced for <u>in camera</u> inspection but describes as "the FBI operations plan for the defendant's arrest," Docket No. 130, Gov't Memo. at 3) does not reveal Government witness statements (governed by the Jencks Act) or exculpatory material (that is the subject of <u>Brady</u>).  The document merely directed agents how to proceed in arresting and questioning defendant and is not subject to disclosure, despite the absence of retained notes from that arrest and interrogation.  Although defendant complains about the loss of these notes, he has the FBI 302 report memorializing his statement during that arrest (Docket No. 129, Def. Memo. at 1, Ex. A), the statements he apparently now seeks suppressed.

This Court need not declare whether the Government asserted law enforcement privilege here.  The Government need not produce the FBI memorandum here because it not discoverable under Rule 16(a)(5) as well as being an investigatory record under 28 C.F.R. § 16.26(b)(5).  This Court also need not decide definitively whether that regulation applies in criminal prosecutions, but as noted above, other provisions within that regulation expressly refer to the criminal procedure, <u>id.</u>, § 16.26(b)(1).  The lack of materiality of this memorandum to the defense does not require this Court to find whether 28 C.F.R. § 19.26(b)(5) applies in criminal prosecutions.

Defendant's motion (Docket No. 129) to compel its production is **denied**.  The evidentiary hearing will proceed on **Thursday, October 27, 2016**, and continue on **Friday, October 28, 2016**, as previously ordered (Docket No. 127).

CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 129) to compel production of the FBI Memorandum is **denied**.

So Ordered.

*/s/ Hugh B. Scott*

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 24, 2016