UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

12CR214S

**Order**

ROBERT QUINTANA,

Defendant.

Before the Court is defendant's omnibus motion seeking the following non-dispositive relief: submission of a Bill of Particulars; discovery; disclosure of informant information; production of Federal Rule of Evidence 404(b) materials; production of Government agents' files; preservation of evidence; and production of Federal Rule of Evidence 807 materials (Docket No. 94). Defendant seeks preclusion of certain evidence (precluding references to defendant's silence during interviews or interrogation and preclude reference to defendant's civil action) that is best determined by Judge Skretny prior to or during trial that this Court will not address. Also in this motion are certain dispositive motions (dismissal of the Superseding Indictment (Docket No. 86) on various grounds, suppression of evidence, and dismissal of mail fraud allegations raised in the initial Indictment (Docket No. 12)) that will be considered in a separate Report & Recommendation.

Defendant then filed a new omnibus motion (Docket No. 94), seeking (again among other relief) suppression of his statements. Pursuant to this Court's schedule (see Docket No. 92), the Government responded (Docket No. 95) with a reciprocal discovery motion (id. at 28), and

defendant replied (Docket No. 99) focusing on the dispositive aspects of this motion. Oral argument was held on October 7, 2015, wherein the Government conceded that a hearing was in order (Docket No. 100). An evidentiary hearing was set (after various fits and starts (see generally Docket Nos. 96-98, 101-04, 106-09, 112-125)) to commence on October 27, 2016 (Docket Nos. 127, 132 (minutes), 134 (transcript)). The hearing was continued on March 8, 2017 (Docket Nos. 154 (minutes of hearing), 156 (transcript); see also Docket Nos. 144-45 (minutes and notice scheduling hearing for earlier date), 147-48 (Order and notice resetting hearing)); March 20, 2017 (Docket Nos. 155 (minutes of hearing), 158 (transcript); May 8, 2017 (Docket Nos. 159 (minutes of hearing), 164 (transcript)); and June 1, 2017 (Docket Nos. 163 (minutes of hearing), 165 (transcript)). After the conclusion of this hearing, the parties had further oral argument on the motion (Docket Nos. 171 (Order), 172 (minutes)).

BACKGROUND

On June 29, 2012, defendant originally was charged, in a single count Indictment with mail fraud, in violation of 18 U.S.C. § 1341 (Docket No. 12). The alleged fraud essentially was defendant accepting (by mail) injured on duty (or "IOD") salary and benefits from the City of Buffalo by exaggerating his physical disabilities while he was able to work at other employment (id.). Defendant eventually moved (among other relief) to suppress his statements (Docket No. 32). This motion was argued, on May 21, 2014 (Docket No. 56), and suppression hearing was scheduled (id.) and then repeatedly rescheduled (Docket Nos. 57-77, 78-85).

On May 15, 2015, the Grand Jury issued a Superseding Indictment (Docket No. 86), which charged defendant with 46 counts of wire fraud, in violation of 18 U.S.C. § 1343, for each wire transmission of deposits from the City of Buffalo into defendant's bank accounts paying

2

him salary under the scheme alleged in the original Indictment (id.). These counts replaced the mail fraud charge alleged in the original Indictment. Again, the fraud alleged is that defendant exaggerated his disability in order to retain IOD salary received in a series of wire payments to defendant's bank account (see id.).

With the filing of the superseding Indictment, defendant had to file new set of omnibus motions (Docket No. 94), repeating much of the relief and arguments raised under the original Indictment. As mentioned above, this motion was argued on October 7, 2015 (Docket No. 100), and September 28, 2017 (Docket No. 172), with evidentiary hearing held from October 2016 to June 2017 on the dispositive relief sought by defendant.

## DISCUSSION

I.  Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). Whether to grant a Bill of Particulars is in this Court's sound discretion, id. at 234 (citations omitted). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the Superseding Indictment and the voluminous voluntary discovery furnished (Docket No. 95, Gov't Response at 19), the Court finds that defendant **is not entitled** to a Bill of Particulars. Inasmuch as the Superseding Indictment and discovery produced sufficiently advised the defendant of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy no Bill is necessary. Defendant here essentially seeks discovery from a Bill of Particulars (for example, seeking Buffalo Police Department policies regarding officers ability to work a second job and provisions for an officer while on IOD, and dates when the Department sought plaintiff to return to light duty, Docket No. 94, Def. Atty. Decl. ¶ 37) which is not the purpose of the Bill, see Torres, supra, 901 F.2d at 234 (Docket No. 95, Gov't Response at 15). "'The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at trial.'" Id. (quoting 1 Charles Wright, Federal Practice and Procedure § 129, at 434-35 (2d ed. 1982)). Defendant's motion for a Bill of Particulars (Docket No. 94) is **denied**.

II.     Discovery

Defendant seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific exculpatory evidence that is material to either guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. The Government reports that it made extensive voluntary discovery,

including the IOD file, defendant's medical records within the IOD file, and audio and video recording (Docket No. 95, Gov't Response at 3).

A. Statements

Pursuant to Rule 16(a)(1)(A) the defendant seeks any written or oral statements made by the defendant which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 94, Def. Atty. Decl. ¶ 40). The Government responds that it produced the May 9, 2012, statement to defendant as well as copies of all audio and video recordings of the defendant made during the investigation (Docket No. 95, Gov't Response at 20) and defendant's medical records (id. at 20-21). The Government offered to provide transcripts of any recorded statements to the defense (id. at 21).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[1] Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendant. To the extent that the Government has not yet done so,

---

[1] Rule 16(a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

pursuant to Rule 16(a)(1)(A) the Government is hereby directed to produce all such statements made by the defendant.

B. Defendant's Prior Record

Defendant next seeks a copy of his criminal record (Docket No. 94, Def. Atty. Decl. ¶ 41. The Government claims that it is unaware of defendant having a criminal record and offered to run another criminal history check prior to a hearing or trial (Docket No. 95, Gov't Response at 21). That response is **sufficient**.

C. Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government (Docket No. 94, Def. Atty. Decl. ¶ 42). He identified several specific categories of items which he seeks to be produced, including production of his medical records, recorded statements from his wife and doctors, City of Buffalo employment records, the Miranda card or Miranda warning given to defendant prior to his statement (id.). He also seeks the dates and title of items previously produced (id. ¶ 43).

The Government's response to these specific requests is that it has produced the City of Buffalo Police Department Injured on Duty ("IOD") file regarding defendant, including his medical records and bank records; the Government offers to produce evidence of all wire transactions in this case (Docket No. 95, Gov't Response at 21). The Government claims that there are no recorded statements from Dr. Vazquez other than those in the medical records (id.). Statements from Dr. Hughes not found in the IOD file would be produced by the Government prior to the trial as Jencks Act material (id.). The Government proposed to produce the Miranda

6

card used to advise defendant of his rights prior to the evidentiary hearing (id.; see Docket No. 134, Tr. Oct. 27, 2016, hearing at 9-10, Gov't Ex. 1, Miranda advice of right card, received into evidence).

The Government's response **is sufficient**, but the Government does not comment on defense request to identify previously submitted items. Defendant has not submitted authority compelling the Government to identify items in its previous disclosure. As previously noted by this Court, Rule 16 is silent as to the manner of production by the Government of discovery, United States v. Briggs, 831 F. Supp. 2d 623, 628 (W.D.N.Y. 2011) (Scott, Mag. J.). In Briggs, this Court adopted civil discovery rules for production of electronic source information in criminal discovery, including Civil Rule 34(b)(2)(E) in which the producing party organizes the produced items and does not require the producing party to provide the items in the manner sought by the requesting party, Briggs, supra, 831 F. Supp. 2d at 628. Similarly, in the absence of a criminal discovery rule requiring the Government to produce in the manner sought by defendant, the Government **is not required to organize previously produced material**, but cf. United States v. Soliman, No. 06CR236, 2008 U.S. Dist. LEXIS 76358, at *11 (W.D.N.Y. Sept. 30, 2008) (Scott, Mag. J.) (Government ordered to produce 60,000 documents in copied CD-ROM disks "in some accessible manner").

During the evidentiary hearing, defendant also sought disclosure of the FBI's planning memorandum for the execution of the search warrant at defendant's home (Docket No. 129), to which the Government opposed (Docket No. 130). Separately, this Court denied that motion (Docket No. 131, Order of Oct. 24, 2016).

D.  Intercepted Communications

Defendant wants produced the intercepted recordings taken from November and December 2010 and January, February, August and November of 2011, as well as the electronic equipment used to obtain the recordings and the underlying eavesdrop Order (Docket No. 94, Def. Atty. Decl. ¶¶ 44-45). The Government denies that there was a Title III application in this case and that any recordings were the product of consensual recording made by agents (Docket No. 95, Gov't Response at 22). These recordings had been produced to defendant (id.).

E.  Fruits of Search

To the extent not already produced, defendant next seeks the fruits of any searches conducted (Docket No. 94, Def. Atty. Decl. ¶¶ 46-47). The Government denies that a search warrant application exists and that no searches were conducted (Docket No. 95, Gov't Response at 22; see also Docket No. 139, Gov't Brief regarding Scope of Evidentiary Hearing, Jan. 9, 2017, at 8; Docket No. 134, Oct. 27, 2016, Tr. at 19, 22-24).

Whether a search was conducted will be the subject of the suppression motion.

F.  Identification Procedures

Defendant seeks disclosure of any visual or audio identification procedures utilized in this case; specifying the procedure, the participants and the circumstances; any visual or audible representation of a person or voice used for identification purposes (see Docket No. 94, Def. Atty. Decl. ¶ 48). The Government denies utilizing identification procedures (Docket No. 95, Gov't Response at 22).

The record in this case does not reflect that any such procedures were used. The Government's response **is sufficient**.

G. Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendant has next requested the production of the results of any physical or mental examinations or scientific tests. The Government has responded, "[a]ll reports of medical examinations of the defendant from the IOD file have been provided," and there are no other tests or examinations in this case (Docket No. 95, Gov't Response at 22).

This Court assumes that the Government's production **has satisfied the defendant's request** in this regard.

H. Jencks Act

Defendant also seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 94, Def. Atty. Decl. ¶ 50). He also supplemented this motion seeking production of these items for the hearing held in 2016-17 (Docket No. 152), to which the Government opposed (Docket No. 153).

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information as ordered by the District Court's final pretrial Order (Docket No. 95, Gov't Response at 22). The defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case, including disclosure for the evidentiary hearing just completed, see <u>United States v. Sebastian</u>, 497 F.2d 1267, 1269-70 (2d Cir. 1974) (Court cannot compel Government to produce

for pretrial suppression hearing Jencks material). Defendant's motion (Docket No. 94) for production of Jencks Act materials for that conducted hearing (Docket No. 152) is **denied**.

III.     Brady

Defendant next has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady material, as those cases have come to define it, includes all evidence that may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it agrees to provide impeachment Brady material (Docket No. 95, Gov't Response at 24). The Government concludes that it will be found in full compliance with its Brady obligations and seeks denial of defendant's motion (id. at 25).

This Court believes that fundamental fairness and the constitutional due process requirements that underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and

10

the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 643-44 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

IV. Informant Identification

Defendant seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 94, Def. Atty. Decl. ¶¶ 56-57), but the Government denies using confidential informants or cooperating witnesses here (Docket No. 95, Gov't Response at 25). Defendant also seeks pretrial access to witnesses (Docket No. 94, Def. Atty. Decl. ¶ 60), to which the Government objects (see Docket No. 95, Gov't Response at 26).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request (Docket No. 94) is **denied**.

11

V.   Federal Rule of Evidence 404(b) Materials

Defendant next requests that the Government disclose all evidence of prior bad acts that the Government intends to use in its case-in-chief against him, pursuant to Federal Rule of Evidence 404(b) (Docket No. 94, Def. Atty. Decl. ¶ 61).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will provide all such material to the defendant at the time ordered by the District Court or when disclosing Jenks Act material (Docket No. 95, Gov't Response at 26). This **is sufficient** in this case.

VI.   Agents' Files

Defendant next seeks to inspect the witnesses' personnel files (including FBI, IRS, and Buffalo Police Department employee witnesses) to determine if Brady material is present (Docket No. 94, Def. Atty. Decl. ¶ 62). The Government objects to this inspection; instead, the Government will inquire from agents if they possess Brady material and inquire whether any agent was the subject of a disciplinary finding (Docket No. 95, Gov't Response at 27). Should there be such information, the Government proposes to produce it to this Court for in camera inspection to determine if that information needs to be disclosed to the defense (id.). This manner of inquiry and (if necessary) in camera inspection proposed by the Government **suffices**.

VII.   Preservation of Evidence

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 94, Def. Atty. Decl. ¶ 63). The Government has

12

agreed to advise agents to preserve all items of evidence (Docket No. 95, Gov't Response at 27). This representation **is sufficient**.

VIII.   Federal Rule of Evidence 807 Materials

Defendant, finally, seeks disclosure of residual statements pursuant to Rule 807 (Docket No. 94, Def. Atty. Decl. ¶ 65). The Government claims that it will advise the defendant of its use of residual evidence pursuant to Rule 807 when ordered by the District Court or consistent with its Jencks Act production (Docket No. 95, Gov't Response at 27). This will **suffice**.

IX.   Government's Request for Reciprocal Discovery

The Government has cross-moved for reciprocal discovery from defendant (Docket No. 95, Gov't Response at 28), without any apparent objection by defendant. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendant is reminded of his obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (id.) is **granted**.

CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 92) for omnibus relief is **granted in part, denied in part** as specified above. His motion for production of Jencks Act material for the evidentiary hearing held on various dates in 2016-17 (Docket No. 152) is **denied**. The Government's motion for reciprocal discovery (Docket No. 95, Gov't Response at 28) is **granted**.

13

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 16, 2017

14